UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLIE EDWIN ROGERS,

      Plaintiff,

v.                                  Case No. 3:26-cv-755-MMH-LLL

NAPHCARE MEDICAL, et al.,

      Defendants.

_____

## **ORDER**

Plaintiff Charlie Edwin Rogers, a detainee of the Jacksonville Sheriff's Office (JSO), currently housed at the Community Transition Center, initiated this action by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1), a Motion to Proceed In Forma Pauperis (Doc. 2), a Motion for Production of Documents (Doc. 3), and a Motion for Preliminary Injunction (PI Motion; Doc. 4). In his Complaint, Rogers complains that he was referred to a pulmonologist in mid to late 2024—before his September 25, 2025 arrest—and he alerted jail medical providers to the referral, but he was never sent to a specialist despite submitting numerous grievances. See Complaint at 6–8.[1]

---

[1] Rogers asserts that he had a medical appointment scheduled with a respiratory specialist before he was arrested, but the provider refused to treat him because he had no insurance. See Complaint at 7.

Since his arrest, Rogers has been housed at various JSO facilities, including the Pretrial Detention Facility (PDF) and Montgomery Community Corrections (MCC), each of which provides medical care to inmates through a company called Naphcare Medical. Id. at 2–4, 17. In his Complaint, Rogers chronicles the grievances he submitted at the various JSO facilities between October 2025 and March 2026, providing the dates, topics addressed, and responses. Id. at 8–25. In doing so, he acknowledges that jail medical providers obtained his medical records, reviewed them, and evaluated him on multiple occasions, providing medications and testing, including x-rays. Id. For instance, he explains that a medical provider responded to one of his grievances (in February 2026) as follows:

> Your grievance has been reviewed. Medical records from MCC were reviewed and the prior plan of care was implemented. Since your transfer, you have been evaluated in clinic three times and your chart has been reviewed by [a] medical provider. Based on current clinical findings, treatment and monitoring are being provided as medically indicated. Specialty referral is determined by provider medical judgment. You will continue to be monitored and reassessed as appropriate.

Id. at 19.

As Defendants, Rogers names Naphcare Medical and five individual "medical staff" (some names unknown), each of whom responded to his various grievances. Id. at 2–4, 9, 11, 13–14, 16, 19, 21–22. He alleges Defendants were deliberately indifferent to his serious medical needs by "refus[ing], den[ying],

or delay[ing] [a] referral to a pulmonary specialist" or falsifying or deleting medical records. Id. at 27–30. As relief, in addition to damages, he seeks an order compelling Naphcare Medical to refer him to a pulmonologist. Id. at 32; see also PI Motion at 1.[2]

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."

---

[2] Rogers also alleges Defendant Gill was "belligerent and verbally offensive" and failed to issue him a low bunk pass after Rogers was diagnosed with a hernia. See Complaint at 12–13. These allegations are unrelated to Rogers's claims that Defendants did not provide him with constitutionally adequate medical care for his pulmonary issue, and he does not incorporate these allegations into his individual claims for relief. See id. at 27–30.

Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must

5

allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Rogers's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an

6

otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)).[4] To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v.

---

[4] "[U]nder the Supreme Court's current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees.'" Crocker v. Beatty, 995 F.3d 1232, 1246 (11th Cir. 2021). However, deliberate indifference claims brought by pretrial detainees "are subject to the same scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment." Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011).

Gamble, 429 U.S. 97, 104 (1976)). For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence standard" in determining whether an official acted with deliberate indifference to that serious medical need. See Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate that the prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence.") (internal quotations omitted)); see also Wade v. McDade, 106 F.4th 1251, 1255 (11th Cir. 2024). Recently, however, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard as used in criminal law. See Wade, 106 F.4th at 1253. Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable

8

under the Cruel and Unusual Punishments Clause" if
he "responded reasonably to the risk." Id. at 844–45.

Id. at 1262 (enumeration and emphasis omitted).[5]

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); see also Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892,

---

[5] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

897 (11th Cir. 2007)[6] (quoting Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Where a claim of deliberate medical indifference is brought against a private contractor based on its functional equivalence to a government entity, liability under § 1983 cannot be based on a theory of respondeat superior. Craig, 643 F.3d at 1310. Instead, the plaintiff must show that the entity "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

Rogers's Complaint is due to be dismissed pursuant to the Court's screening obligation. Accepting as true that Rogers has a serious medical need, Rogers does not allege facts permitting the reasonable inference any named Defendant "acted with subjective recklessness as used in the criminal law." See

---

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Wade, 106 F.4th at 1262 (internal quotation marks omitted). Indeed, it appears he names each Defendant (except Naphcare Medical) solely because he or she responded to one or more of his grievances in which he complained about the medical care he was receiving or wanted.

Rogers concedes that jail medical providers familiarized themselves with his pulmonary condition, monitored that condition, and provided treatment and testing for him. His belief that he should have been referred to a pulmonologist simply because a hospital physician referred him to one over a year before his arrest does not state a plausible deliberate indifference claim. In other words, jail medical providers need not "subordinate [their] own professional judgment" that Rogers does not presently require specialty care to that of a doctor who evaluated him more than a year ago. Bismark, 213 F. App'x at 897. Even if Rogers's test results indicated that he should have been referred to a specialist but was not, such a failure suggests negligence, not deliberate indifference.[7] Rogers's disagreement with a medical judgment is

_____

[7] Rogers contends that a doctor who examined him on October 31, 2025, said to Rogers that he "would have [Rogers] sent out to be examined and get treatment by a lung specialist," but that never happened. See Complaint at 15. Rogers does not allege the doctor ever did refer him to a specialist, nor does he attribute a failure to follow a jail physician's orders to any individual Defendant. See id. Moreover, according to Rogers, Defendant Jenkins told him in a grievance response dated December 8, 2025, that he was scheduled for the tests the doctor apparently ordered, and a physician at MCC told him in about February 2026 that she would refer him to a specialist after "follow[ing] her treatment instructions," which included taking an inhaler and steroids for thirty days. Id. at 16, 18, 20–21.

11

insufficient to sustain a deliberate indifference claim under the stringent Eighth Amendment standard. Moreover, as to Naphcare Medical, Rogers does not allege a custom or policy caused a constitutional violation.

To the extent Rogers also complains that certain Defendants did not properly process or respond to his grievances or falsified or destroyed his medical or grievance records, he fails to allege a constitutional violation. See Bingham, 654 F.3d at 1177 ("[A]n inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."); see also Vieux v. Fed. Bureau of Prisons, No. 1:12-CV-00017-MHH, 2014 WL 3733022, at *6 (N.D. Ala. July 21, 2014) ("The Court has located no authority that recognizes an independent cause of action under the Constitution or other federal law for the alleged falsification of medical records.").

Because Rogers fails to state a claim for relief against any named Defendant, his Complaint is due to be dismissed and his PI Motion denied. See Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (setting forth the elements necessary to obtain injunctive relief, including demonstrating "a substantial likelihood of success on the merits" of the underlying claim).

Therefore, it is now **ORDERED:**

1.      Rogers's Motion for Preliminary Injunction (Doc. 4) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Charlie Edwin Rogers